C. D. ADAIR, adm'r of JNO. R. MCDONALD, plaintiff in error, *vs.* JOHN ADAIR, ex'r of EDWARD ADAIR, *et al.*, defendants in error.

When upon the trial of a cause, it appeared that a witness, who had been sworn and examined upon a former trial of the same cause between the same parties, had left the State and gone to the Cherokee Nation of Indians, west of the Mississippi river: *Held*, that the testimony of such witness, on such former trial, reduced to writing, on a motion for new trial, agreed to by counsel, and approved by the Court, was competent evidence to be submitted to the jury on a new trial of the same cause, between the same parties, under the 3729th section of the Code.

Secondary evidence.   Before Judge PARROTT.   Murray Superior Court.   April Term, 1869.

Adair, adm'r, *vs.* Adair, ex'r, *et al.*

This is the case reported in 38 *Ga. R.* 46. Upon the new trial there ordered by this Court, the bill for injunction and the action for ejectment were, by consent, tried together. There was a verdict in favor of complainants, reforming the deed and perpetually enjoining the action of ejectment.

On the former trial, Collins McDonald had testified to matters material to C. D. Adair. His testimony was, on the motion for new trial then made, reduced to writing, agreed to by the counsel in the cause, and approved by the then presiding Judge. Afterwards, he left Georgia, and went beyond the Mississippi river, among the Cherokee Indians. C. D. Adair swore that he had been unable to learn to what part of the Cherokee Nation of Indians Collins McDonald had gone, and then, by his counsel, offered to read in evidence said testimony so reduced to writing. The Court refused to allow it read as evidence.

A motion for new trial was made because of this refusal, and on many other points. Error is assigned upon the refusal of a new trial, on each of said grounds, but the others are immaterial, as they were not decided by this Court.

W. H. DABNEY, W. AKIN, D. A. WALKER, for plaintiffs in error, cited Walker vs. Walker, 14 Ga. R., 249; Smith vs. The State, 28 Ga. R., 22–24; Irwin's Code, secs. 3729, 3714; Harris vs. Cannon, 6 Ga. R., 388–9.

C. D. McCUTCHIN and R. J. McCAMY, for defendants in error, cited Ex'r of Riggins vs. Brown, 12 Ga. R., 275.

WARNER, J.

This was a motion for a new trial in the Court below, which was overruled, the overruling of which is now assigned for error here. In regard to the main question, which was argued in reference to the reformation of the deed, some of the Court entertain doubts, whether the evidence was sufficient for that purpose. We therefore express no opinion on that branch of the case. We are all of the opinion that the evidence of Collins McDonald, given on a

Adair, adm'r, *vs.* Adair ex'r, *et al.*

former trial, and reduced to writing, should have been admitted under the statement of facts disclosed by the record. It appears, that on a former trial of this case, Collins McDonald was sworn and examined as a witness, his testimony was reduced to writing, agreed to by the counsel in the cause, and approved by the Court. Since the trial, McDonald had left the State, and gone to the Cherokee Nation of Indians, west of the Mississippi river, but to what part of the Cherokee Nation he had gone the plaintiff had been unable to learn. The written evidence of Collins McDonald, sworn to on the former trial, was offered to be read to the jury, and ruled out by the Court. By the 3729th section of the Code, it is declared, that " the testimony of a witness since deceased, or disqualified, or *inaccessible for any cause,* given under oath on a former trial, upon substantially the same issue, and between substantially the same parties, may be proved by any one who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies." The testimony of McDonald had been given under oath upon the same issue, between the same parties, on the former trial of this same case, and had been reduced to writing, agreed to by the counsel on both sides, and approved by the Court. Was the witness "inaccessible for any cause," within the true intent and meaning of the Code? The witness had left the State, and gone to the Cherokee Nation of Indians, west of the Mississippi river, but to what part of the Cherokee Nation the plaintiff had been unable to learn. In our judgment the witness was about as "inaccessible" as any witness could well be, and this case comes within the provisions of the Code. Besides, his evidence was reduced to writing, and approved by the Court, and there was not much reason to suppose that the general rule in regard to requiring the best evidence in the power of the party offering it, would be materially impaired. We are of the opinion, the evidence offered should have been received.

Let the judgment of the Court below be reversed.