### REID *vs*. THE STATE OF GEORGIA.

1. The statement of the evidence in another case, set out in the bill of exceptions filed in that case, offered in this case to impeach a witness who was sworn in both cases, was properly excluded. While the statement was approved by court, the witness was not bound by the recitals contained therein as to what he had testified, it not being shown that it had been read over to him and approved by him.

(*a*) Besides, it was shown in this case that the statement was not carefully prepared in the other case, as counsel relied for reversal only on questions of law.

2. There was sufficient evidence to authorize the verdict.

3. A new trial will not be granted on account of newly discovered testimony which is to be used simply for the purpose of impeaching a witness.

December 22, 1888.

Evidence. Witness. New trial.  Before Judge ADAMSON.  City court of Carrollton.   May term, 1888.

Reported in the decision.

WALKER & REESE, for plaintiff in error.

C. P. GORDON, solicitor, by brief, for the State

SIMMONS, Justice.

Reid was tried and convicted, in the city court of Carrollton, of the offence of selling liquor to a minor without the written authority of his parent or guardian.  He made a motion for a new trial, upon the several grounds contained therein, which was overruled by the court, and he excepted.  The only grounds insisted on before us for a reversal of the judgment of the court below were (1) that the court excluded, when offered in evidence, the bill of exceptions in the case of the State *vs.* Dukes, by which the defendant expected to show that Awtry, the minor, who testified for the prosecution, swore on the trial of that case that he only bought liquor once at Dukes's grocery; this being offered to impeach Awtry; (2) that the verdict was contrary to law, to the evidence, and to the charge of the court; (3) the newly discovered evidence of Lindsay and Stamps.

1. There was no error in excluding the bill of exceptions in the case of the State *vs.* Dukes.  The statement of the evidence set out in that bill of exceptions was prepared by counsel for the plaintiff in error in that case; and while it was approved by the court, the witness in this case was not bound by the recitals contained therein as to what he testified on the trial of that case, it not being shown that it had been read over to him and approved by him.  Besides, it was shown by the testimony in this case that the evidence in the case of the State *vs.* Dukes was not carefully prepared,

as the counsel in that case did not rely for a reversal in that case on the ground that the verdict was con, trary to the evidence, but relied upon questions of law.

2. As to the second ground of the motion, we think there was sufficient evidence to authorize the finding of the jury.   It was argued by counsel for the plaintiff in error that the witness Awtry was impeached, and that therefore his testimony ought not to have been believed by the jury.   It is true that an attempt was made to impeach this witness, but he was sustained by other witnesses, and his good character shown; and we think the jury had a right to believe him if they saw proper.

3. The newly discovered evidence of Lindsay and Stamps was for the purpose of impeaching the witness, Awtry; and a new trial will not be granted on account of newly discovered testimony which is to be used simply for the purpose of impeaching a witness.

The other grounds of the motion were not insisted upon here.

Judgment affirmed.