## OWEN *v.* PALMOUR.

Little, J. 1. The trial judge did not err in admitting the evidence of an absent witness, taken on a former trial and incorporated in a brief of the evidence had in such trial, which had been agreed to by counsel and approved by the court, it having been shown that the witness was and had been for some time in the Territory of Oklahoma, and the fact of his residence in this State not having been satisfactorily established. *Atlanta & Charlotte Rwy. Co.* v. *Gravitt*, 93 *Ga.* 369 ; *Adair* v. *Adair*, 39 *Ga.* 75.

2. A party to a suit who testified in her own behalf on the trial, and who on a second trial of the same case is offered as a witness, becomes in such second trial an original witness, and is not "estopped" from testifying contrary to her evidence as reported on the former trial. The fact that her evidence originally taken was agreed to by counsel for each of the parties, and approved by the court, does not alter the rule. The material part of the brief of the evidence so filed and approved may be introduced by way of impeachment. It is not, however, admissible for this purpose, unless the foundation for the evidence is first laid by asking the witness if she had not sworn to certain facts on the former trial. *Taylor* v. *Morgan*, 61 *Ga.* 46. As a general rule, a witness is not bound by recitals con-

tained in a brief of evidence, unless it be shown that such brief has been read over and approved by the witness. *Reid* v. *State*, 81 *Ga.* 760.

3. What part of the evidence of a witness should be given most weight is for the jury to determine, and it is error for the trial judge to charge that one part of the testimony is to be given more weight than another.

*Judgment reversed. All the Justices concurring.*

Argued July 23, — Decided August 9, 1900.

Complaint. Before Judge Prior. City court of Hall county. November 23, 1899.

*Hubert Estes*, for plaintiff. *H. H. Dean*, for defendant.