## WALL *v.* THE STATE.

1. When in a trial for murder the accused denied that he inflicted upon the deceased the alleged mortal wound, and also that the death of the latter was in fact thereby caused, it was not proper for the court to charge, in effect, that if the accused did inflict such wound, and if it caused the death, it was a case of murder.
2. It was, in such a trial, erroneous to charge in substance that the testimony of an expert witness was entitled to great weight. The error committed by so charging in the present case was prejudicial to the accused, and, in consequence, there should be a new trial.

Argued November 19, — Decided November 29, 1900.

Indictment for murder. Before Judge Estes. Rabun superior court. September 8, 1900.

*Howard Thompson, W. F. Findley, W. S. Paris,* and *L. E. Bleckley,* for plaintiff in error. *J. M. Terrell, attorney-general, W. A. Charters, solicitor-general,* and *H. H. Dean,* contra.

LEWIS, J. Wall was placed upon trial in Rabun superior court, on an indictment charging him with the offense of murdering one Christopher Obyrne. The jury returned a verdict of guilty; whereupon the accused made a motion for a new trial, and exception is taken to the judgment of the court overruling the same.

1. One ground in the motion is that the court erred in charging the jury as follows: "If you believe from the evidence, beyond a reasonable doubt, that Mr. Obyrne was killed by some one, then I charge you that the killing was murder, and nothing below the offense of murder." Another ground in the motion is that the court erred in charging: "If you should believe from the evidence, beyond a reasonable doubt, that Mr. Obyrne was killed and that this defendant on trial was the man that killed him, then of course he

would be guilty." In the present case the accused pleaded not guilty. He denied that he shot the deceased, and claimed that the death of the latter did not result from the wound he had received. We do not mean to join issue with the correctness of the proposition laid down by the judge, that if this deceased died as the result of a pistol-shot wound he received, it was a case of murder, and that if the accused inflicted the wound he was guilty. We think that view is fully sustained by the evidence. But we do not think it is proper to give such in charge to the jury. While it does not express an opinion on the evidence directly, it is applying a principle of law to facts in the case, and we think this is rather in the province of the jury. We do not mean, however, to say that on account of this error alone we would grant a new trial in this case, but simply to rule that this charge complained of is rather an infringement upon the function of the jury with reference to determining the facts in the case.

2. Another ground in the motion was that the court erred in charging the jury as follows: "When the experience, honesty, and impartiality of the experts are undoubted, their testimony is entitled to great weight and consideration." Counsel for accused insists that this was error, because it was a suggestion to the jury by the court, and had the effect on the minds of the jury of a suggestion from the court, that the "experience, honesty, and impartiality of the experts" were undoubted, when the jury should have been told that they were to be the judges of whether the expert was honest and impartial; that it was error also because it emphasized the importance of the expert testimony beyond what the law authorizes, by the court saying that it was entitled to "great weight." There was but one expert witness in this case; that was the physician who examined the wounds of the deceased, and who gave an opinion that one of the wounds he examined was of a fatal nature. This question has several times been decided by this court. The most recent decision thereon is that of the case of *Merritt* v. *State,* 107 *Ga.* 676, where it was held: "In charging upon expert testimony of physicians introduced in behalf of the State upon a material question of fact at issue, it is error for the court, after charging the jury that such testimony is dependent upon the degree of the experience and honesty and impartiality of the witnesses who testified, to further instruct them that 'where such elements are undoubted'

22

their testimony is entitled to great weight and consideration.'" The charge of the court in the case at bar is equally erroneous. We deem it entirely unnecessary to enter into any discussion of this question. It was fully discussed by the writer in the case above cited, on pp. 679–681. See authorities therein cited. Because of this error the judgment of the court refusing a new trial is reversed.

*Judgment reversed. All the Justices concurring.*