## CALVIN v. THE STATE.

In the trial of a murder-case, where the State relies in part upon a confession which is proved by the testimony of one witness only, it is error to charge : " When a confession is made and stated to the jury by a credible witness, it is of the highest order of testimony. There can be but few higher sources of evidence than a confession voluntarily and freely made."

Argued May 18, — Decided May 30, 1903.

Indictment for murder. Before Judge Barrow. Chatham superior court. March 21, 1903.

*William Pease, Francis P. Salas,* and *Donald H. Clark,* for plaintiff in error. *John C. Hart, attorney-general, William W. Osborne, solicitor-general,* and *Edmund H. Abrahams,* contra.

COBB, J. The accused was convicted of murder, and sentenced to death. He assigns error upon the refusal of the judge to grant him a new trial. Error is assigned upon the following charge of the court: "All confessions should be received with care and caution, not on account of the character of the testimony, but on account of the fact of their being transmitted through one or two different channels, liable to be some mistake as to what was said, and liable to be some mistake in repeating; but when a confession is made and stated to the jury by a credible witness, it is of the highest order of testimony. There can be but few higher sources of evidence than a confession voluntarily and freely made." The assignments of error upon this charge are that the court expressed an opinion as to the weight that should be given to a confession, thereby withdrawing from the jury the right to consider what weight should be given to it; and that the court indirectly intimated that the witness who testified to the confession was credible, instead of leaving that question to the jury to decide. In *Cook* v. *State*, 11 *Ga.* 59, Judge Nisbet said: "As a general rule, the confessions of a party, freely and solemnly made, are the highest evidence. So reasonable and well settled is this rule that exceptions to it, to be sustained, ought to rest upon the most unassailable grounds." In *Eberhart* v. *State*, 47 *Ga.* 609, Judge McCay said: "A confession in open court is evidence even of treason, and it is a sound rule of law and of common sense that a free confession is very strong evidence of guilt." But it must be remembered, as was said in *Savannah Railway Co.* v. *Evans*, 115 *Ga.* 318: "There are many things said by this court, both in headnotes and opinions, that are sound law, but which nevertheless would be improper instructions to a jury. This court . . may use language which would be appropriate in a headnote or opinion, but which would be grossly improper when embodied in a charge to a jury." See also *Florida Central Railroad Co.* v. *Lucas*, 110 *Ga.* 127–128. In *Hunter* v. *State*, 43 *Ga.* 484, 523 (4), it was held that it is not the duty of a judge to classify evidence as to its weight or consideration, or to intimate any opinion thereon. In that case counsel for the State contended that confessions were the highest species of evidence, while counsel for the accused insisted that under the rule laid down in the code they were not; and the court refused to give in charge to the jury a request of counsel for the accused

that confessions were not the highest evidence, but charged the language of the code on the subject of confessions. It was held that this action of the court was not error.

In the case of *Merritt* v. *State,* 107 *Ga.* 675, 679, error was assigned upon the following charge: "Evidence of certain physicians has been admitted, which was offered for the purpose, as you understand, of showing she was a virtuous woman. The law makes the opinion of experts — as they are called experts on any question of science — makes that sort of evidence admissible. The value of that testimony, gentlemen, is dependent upon the degree of the experience and honesty and the impartiality of the witnesses who testified, and its weight varies in proportion as they are experienced, honest, and impartial. Where these elements are undoubted, their testimony is entitled to great weight and consideration; but, gentlemen, it is not so binding, not so authoritative, that you, the jury, are bound by it. It is intended to aid you in coming to a correct conclusion." It was held that this charge was erroneous notwithstanding it was almost in the exact language of a headnote in the case of *Choice* v. *State,* 31 *Ga.* 425; Mr. Justice Lewis in the opinion saying: "Ordinarily a court should not instruct the jury what particular testimony before them is, or is not, entitled to great weight or consideration, especially where there is no statute or rule of law stating that the particular testimony in question should be considered by the jury as being of great weight." See also, in this connection, *Raleigh & Gaston Railroad Co.* v. *Allen,* 106 *Ga.* 572; *Ryder* v. *State,* 100 *Ga.* 529 (6), 533; *Phœnix Insurance Co.* v. *Gray,* 113 *Ga.* 424; *Wall* v. *State,* 112 *Ga.* 336 (2). In *Bourquin* v. *Bourquin,* 110 *Ga.* 440 (3), it was held that it is not proper for the judge to inform a jury that particular evidence is entitled to *great* consideration, but he should leave them free to determine for themselves the weight to be given it. In that case one of the questions was whether a deed had been delivered, and the court was requested to charge the jury that the record of a deed by the grantor was entitled to *great* consideration. It was held not to be error to refuse to give this request; it being there said: "It is not proper for a judge to instruct the jury that particular evidence is entitled to great weight or great consideration. This is a matter entirely for them. One juror might give certain evidence great consideration and another might think it entitled to but little

weight.   This is a matter peculiarly within their province, and they should be left free to determine what weight should be given to particular evidence.   .   .   There are cases in which an instruction from the judge that evidence of a certain character is entitled to great weight, or should receive great consideration, would be equivalent to an expression of opinion on the evidence, almost amounting to a direction of a verdict in favor of the party in whose behalf the evidence was introduced."   All evidence submitted to the jury is to be weighed by them, and, as a general rule, they are the exclusive judges of the weight of evidence; and in those cases where the jury are under the law the exclusive judges of the weight to be given to particular evidence, it is no part of the duty of the judge to call their attention to one class of evidence and state that it is better or higher and entitled to more weight than another class of evidence in the same case.   More than this, it is positive error for the judge to do this; and if an error thus committed is calculated to prejudice the losing party, it is sufficient reason for setting aside the verdict.

In the present case the accused in his statement denied that he was the slayer.   One witness and only one testified to a confession.   This testimony showed a full and complete confession by the accused that he was the perpetrator of the crime.   While the State did not rely entirely upon the testimony of this witness, it is apparent that he was an important witness in the case.   The effect of the judge's charge was to single out this witness and call especial attention to him and indicate to the jury that the character of testimony which he had offered was "of the highest order," and that there were "but few higher sources of evidence."   We think this error was calculated to prejudice the accused, especially when taken in connection with the fact that the judge emphasized in his charge that a confession is entitled to this weight when testified to "by a credible witness."   This language was calculated to impress upon the minds of the jury that the particular witness was credible, and, when coupled with the statement that his testimony was worthy of high consideration, it was calculated to operate greatly to the prejudice of the accused, and constituted sufficient cause for a new trial.   The ruling made in *Mercer* v. *State*, 17 *Ga.* 169, is distinguishable from the one now made.   While in that case the judge charged the jury that a confession freely and voluntarily

made was the " highest kind of evidence," still he also instructed them in the same connection that they should weigh the testimony of the confession " as they did other testimony," and in the opinion of the court stress is laid upon these qualifying words. We are not prepared to say that in a case like the present we would approve a charge in the language of that given in the *Mercer* case, nor do we say that in all cases a charge in the language of the one given in the present case would be cause for a new trial. The test in each case is whether the charge was calculated to prejudice the accused. Here, however, the judge added no qualifying words of the nature used in the *Mercer* case, and in view of the character of the testimony we think a new trial is demanded. See, in this connection, *Phœnix Insurance Co.* v. *Gray*, supra. It is true the judge, in another part of his charge and in an entirely different connection, charged the jury that they were the exclusive judges of the weight to be given the prisoner's statement, and that it was " their exclusive province to judge of the credibility of the witnesses in the case." We do not think this language in an entirely different part of the charge cured the error of the charge on the subject of confessions. It is by no means certain that the error would have been cured if the judge had, in another part of the charge, expressly stated that the jury were the judges of the weight to be given to testimony of a confession, as it could not be said with certainty that even then the impression first conveyed had been removed.

In the course of his charge to the jury the judge said: " There is another thing that it is not inopportune, as a matter of law, to call the attention of jurors to, and of everybody else as well as the jury. It is unlawful for a man to kill a woman with whom he is living, and who is not his wife, because she sees proper to leave him. It is unlawful for him to kill her because he suspects or believes that she has been guilty of similar conduct with other men — similar to what she has been guilty of with him. He has no superior right in law to her. She is not his wife, and other men — if there are other men with whom she has engaged in illicit intercourse — have just as much right to kill him as he has to kill them. Neither one of them has any right to kill her on account of it. It is a violation of law to sustain such relations, and the law puts no protection around parties who engage in any such life. Barbaric rage and fury towards a woman will not justify men.

There is but one law in this country. We judge everybody by one level, horizontal rule. We can not have one law for the half-savage brute, and another law for a philosopher. We have only one law to administer; and if a man kills under circumstances that would make it murder for one man, it is murder for another man, if he is of sound mind and capable of knowing and distinguishing between wrong and right." The accused was a negro, and was on trial for the murder of his concubine. The judge in a note to the motion for a new trial says that crimes of similar nature were of frequent occurrence in his county among the people of the African race; and he states that he thought it appropriate to call the attention of this race to the fact that they had no right to kill their concubines simply because they refused to continue longer in that relation with them. What was said by the judge in the extract from his charge above quoted is common sense, good morals, and sound law; and even if the fact that he addressed his remarks in part to the spectators at the trial was error at all, it was not in the present case such an error as was calculated to prejudice any right of the accused. See, in this connection, *Bailey* v. *State,* 70 *Ga.* 621 (3).

In referring to the recommendation of the jury to life imprisonment, the judge said: "You can do that for any reason you may see proper; it is a right given you without any limitation." It is complained that this charge was error, for the reason that the jury had a right to exercise arbitrarily their discretion to reduce the punishment from death to life imprisonment. We do not think there was any error in this charge. It is true the jury have the absolute right to determine the question of punishment, and that their decision is not subject to be reviewed by the courts in any way. Still it is not expected that the jury would make the recommendation without some reason. What that reason may be is entirely immaterial if it is satisfactory to them, but they must necessarily be actuated by some reason. In the case of *Perry* v. *State,* 102 *Ga.* 365, while there was some difference of opinion among the members of the court as to some of the questions involved, there was really no substantial difference on this question. See the remarks of Mr. Presiding Justice Lumpkin on pages 379–380, and those of the dissenting Justices on page 386.

The judge inadvertently failed to give to the jury the form of their verdict in case they should acquit the accused, but, upon his

attention being called to the omission, he gave the necessary instructions. Under the previous decisions of this court, this omission did not constitute sufficient ground for a new trial, although the judge stated to the jury, when his attention was called to the omission, that he had forgotten to give them the form of their verdict. *Reeves* v. *State*, 117 *Ga.* 38, and cases cited. The case of *Smith* v. *State*, 109 *Ga.* 480 (3), did not relate to the form of the verdict, but in that case the court failed to charge upon a substantial defense set up by the accused in sworn testimony.

It is complained that in one part of the charge the judge used language which in effect told the jury that the accused was the perpetrator of the offense. Of course, if the language was calculated to have this impression, it was erroneous, because the statement of the accused was in effect a denial that he was the slayer. Similar language will probably not be used upon another trial. There are numerous assignments of error upon failures to charge upon different subjects. Even if there was any merit in any of these assignments, the omissions will doubtless be supplied on another trial.

*Judgment reversed. By five Justices.*