## GRAHAM v. THE STATE.

EVANS, J. 1. The evidence disclosing that the accused, a few minutes before the homicide, went to the house of another and procured a gun, the court did not err in refusing to rule out further testimony to the effect that when the accused returned to the house with the gun, immediately after firing it, he remarked, referring to the deceased, "I have got the scoundrel." This incriminating statement by the accused was relevant, not only as an admission of the killing, but as showing his feelings towards the deceased. *Powell* v. *State*, 101 *Ga.* 10 (4); *Owens* v. *State* 120 *Ga.* 296, 299.

2. Evidence of an uncommunicated threat made by the accused against the deceased some three months or more before the homicide was also admissible, as tending to show that the accused was actuated by malice. *McDaniel* v. *State*, 100 *Ga.* 67.

3. When an instruction given by the court to the jury is in general terms excepted to as being erroneous, a complaint, made in the brief of counsel for the plaintiff in error, that the charge, though correct in the abstract, was not adjusted to nor warranted by the facts shown by the evidence, can not be considered. *Stansell* v. *Merchants Bank*, 123 *Ga.* 278.

4. Neither under the evidence nor according to the prisoner's statement was the killing of the deceased voluntary manslaughter; and the court therefore properly declined to charge the jury concerning the law bearing on this grade of homicide.

5. It is not cause for a new trial that the court failed to instruct the jury "as to the credibility of witnesses," no request to do so having been made by counsel. *Lewis* v. *State*, ante, 48, and cit.

*Judgment affirmed. All the Justices concur.*

Submitted February 19,—Decided March 23, 1906.

Indictment for murder. Before Judge Littlejohn. Sumter superior court. January 6, 1906.

*R. E. Lee* and *G. C. Webb*, for plaintiff in error.

*John C. Hart, attorney-general, F. A. Hooper, solicitor-general,* and *Allen Fort Jr.,* contra.