### SMITH *v.* THE STATE.

When in the trial of a criminal case the defense relied on is that the accused was insane at the time of the commission of the criminal act, and the State introduces an expert witness who testifies that the accused was of sound mind and responsible for his conduct, it is error requiring the granting of a new trial for the judge to instruct the jury that

"Great respect is due to the opinion of those skilled in such matters and with reference to the phenomena 'of the human mind."

Submitted November 19,—Decided December 12, 1906.

Indictment for arson. Before Judge Parker. Ware superior court. September 1, 1906.

*Spence & Spence, Myers & Parks,* for plaintiff in error.

*John W. Bennett, solicitor-general,* contra.

Совв, P. J. The record presents a case which is peculiar in nearly all of its details. The accused was charged with arson. The uncontradicted evidence establishes that a dwelling-house in which the wife and children of the accused were living was burned by his deliberate act, after having fired two shots from a Winchester rifle into the room where his wife was sitting, one of the bullets barely missing the head of the wife. The defense was that the accused was insane. There was evidence that he had been adjudged insane, and committed to the State Sanitarium, had escaped therefrom, and the offense was committed shortly after he had reached his former home. There was evidence from non-expert witnesses that he was insane. The State introduced as a witness the assistant physician of the State Sanitarium, who in effect testified that while he was a man of eccentricities and peculiarities, he was of sound mind and responsible for his conduct. The following is an extract from the charge of the court: "The opinion of witnesses who are not skilled upon such subjects is entitled to no weight disconnected with the facts. Great respect is due to the opinion of those skilled in such matters and with reference to the phenomena of the human mind. But at last, you, gentlemen of the jury, are to decide the question upon the facts presented. You are not bound by the opinion of any on that question, unless that opinion is sustained by the facts presented." There are two assignments of error upon this charge, the one being that while the first sentence is a sound abstract proposition of law, it was harmful in the present case, for it contrasted the evidence of the non-expert witnesses with the evidence of expert witnesses in such a way as to prejudice the jury against the accused in his defense. The second assignment is upon that portion which directed the attention of the jury to the testimony of expert witnesses, and said that such testimony was entitled to great respect. Without reference to the first assignment of error, the second assignment of error is well taken,

and in a case like the present is so prejudicial in its nature as to require a reversal of the judgment. While in *Choice's* case, 31 *Ga.* 425(14), it is said that the opinion of experts is sometimes entitled to great weight and consideration, it is not proper for a trial judge to use such language in his instructions to the jury. *Merritt* v. *State,* 107 *Ga.* 676(4), 680; *Macon Ry. Co.* v. *Vining,* 123 *Ga.* 707(2). The weight to be given evidence of any character is a question solely to be determined by the jury, and the court should, not by its instructions direct their attention to particular evidence as being entitled to more credit than other evidence in the case. *Wall* v. *State,* 112 *Ga.* 336; *Bourquin* v. *Bourquin,* 110 *Ga.* 440(3).

Judgment reversed. All the Justices concur.