## ROUSE *v.* THE STATE.

HOLDEN, J. 1. There being no statute prescribing the weight which shall be given to the testimony of an expert, what consideration such evidence is entitled to is a question solely for the jury.

(a) Under the principle announced in the preceding note, the following charge was error: "When the experience, honesty, and impartiality of the expert is undoubted by the jury, his testimony is entitled to great weight. It is not, however, so authoritative that the jury is bound to be governed by it. It is advisory merely, and such testimony is intended to assist you in coming to a correct conclusion." *Smith* v. *State,* 127 *Ga.* 56 (56 S. E. 116) ; *Macon Railway & Light Co.* v. *Vining,* 123 *Ga.* 770 (51 S. E. 719) ; *Wall* v. *State,* 112 *Ga.* 336 (37 S. E. 371) ; *Owen* v. *Palmour,* 111 *Ga.* 885 (3) (36 S. E. 969) ; *Bourquin* v. *Bourquin,* 110 *Ga.* 440 (3) (35 S. E. 710) ; *Ryder* v. *State* 100 *Ga.* 528 (6) (28 S. E. 246, 38 L. R. A. 721, 62 Am. St. R. 334) ; *Merritt* v. *State,* 107 *Ga.* 675 (4) (34 S. E. 361) ; *Phœnix Insurance Co.* v. *Gray,* 113 *Ga.* 424 (38 S. E. 992) ; *Calvin* v. *State* 118 *Ga.* 73 (44 S. E. 848) ; *Smalls* v. *State,* 6 *Ga. App.* 502 (65 S. E. 295).

(b) Such charge was error despite the fact that witnesses both for the State and for the defendant testified as experts on the trial of the case.

2. The question as to whether statements claimed to be a part of the res gestæ are admissible as such is a question of law to be determined by the court; and if statements are admitted by the court as a part of the res gestæ, the weight to be given them is a matter for determination by the jury. After the evidence has been admitted it is error for the

court to leave to the jury the question as to whether or not it is admissible, notwithstanding he may give in charge the proper rules by which the court should be guided in determining its admissibility. *Southern Ry. Co.* v. *Brown,* 126 *Ga.* 1 (5), 7 (54 S. E. 911); *Wheeler* v. *State,* 112 *Ga.* 43 (6), 46 (37 S. E. 126); *Hotchkiss* v. *Newton,* 10 *Ga.* 560 (5); *Muller* v. *Rhuman,* 62 *Ga.* 332 (6).

3. As the jury has the right to believe the statement of the defendant in preference to the sworn testimony, it was error to charge the jury as follows: "If Rouse tells the jury in his statement that he shot Bailey to save his own life, the circumstances surrounding him at the time he shot you must gather from the sworn testimony and facts admitted and the defendant's statement."

4. Upon the trial of one for murder, evidence of threats made by the accused against the deceased, uncommunicated to the latter, are admissible in behalf of the State as tending to show malice on the part of the accused. *Golatt* v. *State,* 130 *Ga.* 18 (60 S. E. 107); *Graham* v. *State,* 125 *Ga.* 48 (53 S. E. 816); *Warrick* v. *State,* 125 *Ga.* 133 (53 S. E. 1027); *Hixon* v. *State,* 130 *Ga.* 479 (61 S. E. 14); *Harris* v. *State,* 109 *Ga.* 280 (34 S. E. 583).

(a) Threats made by the deceased against the defendant, uncommunicated before the homicide, are not generally admissible on the trial of a case involving the question as to whether or not the slayer was justified in taking the life of the deceased, but evidence of such threats is admissible when there is *evidence* tending to show that the deceased began the mortal conflict, and that the defendant killed him in self-defense; and when evidence of such threats is admitted, it may be considered to show the state of mind or feeling on the part of the deceased, and thus illustrate his conduct, and throw light upon his intention and purpose at the time of the homicide. *McKinney* v. *Carmack,* 119 *Ga.* 467 (46 S. E. 719); *Nix* v. *State,* 120 *Ga.* 162 (47 S. E. 516).

(b) In view of the rulings above made as to the purpose for which uncommunicated threats may be admitted in evidence, it was error for the court to charge as follows: "If it appears from the testimony that any threats were made by the deceased or defendant, one regarding the other, then I charge you unless threats, if any, are communicated, they may be considered along with the other testimony in the case to assist you in deciding who began the difficulty, and for no other purpose."

5. It is unnecessary to pass upon that ground of the motion for a new trial complaining that the court erred in refusing to grant a new trial on the motion of the plaintiff in error, based on the conduct of one of the jurors trying the case, as such ground relates to a matter which will not likely be repeated on another trial.

6. Except as ruled in the preceding notes, no error appears for any reason assigned requiring a new trial.

*Judgment reversed. All the Justices concur, except*

FISH, C. J., dissenting. While some of the charges complained of contained inapt expressions, I am of the opinion that, when considered in connection with the entire charge, there was no error sufficient to require the grant of a new trial.

OCTOBER 12, 1910.

Indictment for murder.  Before Judge Park.  Worth superior court.  March 2, 1910.

*Jesse W. Walters & Sons, T. R. Perry,* and *R. S. Foy,* for plaintiff in error.

*John C. Hart,* attorney-general, *William E. Wooten,* solicitor-general, and *Reuben R. Arnold,* contra.