## 5086.  LOVE v. THE STATE.

POTTLE, J.  1.  On the trial of one for the offense of assault with intent to murder, it was not erroneous to charge the jury as follows:  "If you find that with malice, whether express or implied, and with the specific intention to kill, and with a weapon likely to produce death, the defendant inflicted the wounds upon the prosecuting witness, alleged in the bill of indictment (if there was nothing more in the case), then he would be guilty of assault with intent to murder."  This instruction was not subject to the criticism that it excluded the defenses set up by the accused; especially as the trial judge, in immediate connection with this instruction, charged the jury with reference to such defenses.

2.  Taken in connection with the general charge, an instruction that biting another's finger is only a misdemeanor, and that it is only where a felony is about to be committed upon the accused that he would have the right to take the life of his assailant, was not erroneous.  In the same connection the trial judge instructed the jury that the accused would be justified either if a felony was about to be committed upon him by violence or surprise or if the circumstances were such as to excite the fears of a reasonable man that his life was in danger or that a felony was about to be committed upon him.  Taken altogether, these instructions were as favorable to the accused as he had any right to demand; for one is not entitled, under the law, to take the life of another because of an assault which is less than a felony, and which is not sufficient to excite the fears of a reasonable man, either that his life is in danger or that the assailant is about to commit a felony upon his person.

3.  One on trial for the offense of assault with intent to murder can not rely upon the theory of defense set forth in section 72 of the Penal Code, to wit, forcible attack on or invasion of the property or habitation of the accused, unless it appears that the attempt to kill was necessary to prevent such forcible invasion or attack.  If the difficulty was caused by a matter wholly independent of and disconnected from the invasion, the

4

mere fact that the person assaulted entered the habitation of the assailant would be no defense. Neither the evidence nor the prisoner's statement authorized an instruction upon this theory of defense.

4. In view of the entire charge and of the fact that the judge clearly and distinctly instructed the jury in reference to self-defense and the doctrine of reasonable fears, it was not error to charge that if the prosecutor was attempting to commit a serious personal injury upon the accused by biting his finger, the law would take into account the human passions aroused by these facts, and the accused would not be guilty of assault with intent to murder, "although he might be guilty of stabbing, not in his own defense." Such an instruction did not amount to an expression of opinion on the facts, nor exclude from the consideration of the jury the defenses relied upon by the accused to justify the assault.

5. The trial judge, having instructed the jury on the law applicable if they believed the prosecutor was the aggressor, added: "If he himself [the defendant] began the difficulty—if he delivered the first assault, then the prosecutor would have the right to reply by an assault, and if during the progress of the reply assault, he committed a mayhem by biting a finger, that would not authorize an assault with intent to murder on him by using a weapon likely to produce death." This instruction was abstractly correct, and, taken in connection with the general charge, was not subject to the criticism that, if the jury believed the prosecutor was attempting to bite the finger of the accused, the latter would be guilty of assault with intent to murder. The charge amounted to an instruction that merely biting another's finger would not justify the latter in taking the life of the assailant. There was evidence which authorized the foregoing instruction.

6. The evidence fully authorized the verdict. According to the testimony for the State, the accused, without legal provocation or justification, stabbed the prosecutor in the back with a butcher knife, inflicting upon him serious wounds. The defenses relied upon by the accused were fully and clearly submitted to the jury, and no reason appears for reversing the judgment overruling the motion for a new trial.

*Judgment affirmed. Russell, J., dissents.*

DECIDED OCTOBER 28, 1913. REHEARING DENIED DECEMBER 9, 1913.

Indictment for assault with intent to murder; from Chatham superior court—Judge Charlton. June 17, 1913.

*Twiggs & Gazan,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general,* contra.