### 12438. EDENFIELD v. THE STATE.

LUKE, J. 1. It was reversible error for the court to charge the jury that, " the defendant has made a statement in which he tells you that he shot the deceased to save his own life, to prevent a felony from being committed upon him. *The circumstances surrounding him at the time he shot you must gather from the testimony and the defendant's statement* " (italics ours), since the jury had the right to believe the statement of the defendant in preference to the sworn testimony. *Rouse* v. *State*, 135 *Ga.* 227 (3) (69 S. E. 180).

(a) While the court elsewhere in the charge correctly instructed the jury upon this subject, " the harmful effect of such an erroneous instruction cannot be obviated merely by a correct instruction upon the same subject; the attention of the jury must be specifically called to the previous error, and it must be expressly and explicitly withdrawn." *Western & Atlantic R. Co.* v. *Sellers*, 15 *Ga. App.* 369 (1 b) (83 S. E. 445).

2. The other special grounds of the motion for a new trial are either without substantial merit, or the alleged errors are not likely to recur on another trial, and the judgment overruling the motion for a new trial is reversed solely on account of the error dealt with in the preceding note. *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 12, 1921.

Conviction of manslaughter; from Coffee superior court — Judge Summerall. April 9, 1921.

*C. A Ward, Dickerson & Kelley,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.