## SEAY *v.* THE STATE.

HILL, J. 1. The evidence was sufficient to authorize a verdict of guilty of murder.

2. The court did not err in failing to charge the law applicable to involuntary manslaughter, as involuntary manslaughter was not involved by the evidence in the case.

3. On the trial of one charged with murder it is not error to allow a witness for the State, over objection, to testify, that, three weeks before defendant is said to have killed his wife, the witness asked defendant for some money for rent of a house in which defendant's wife was then living, and that defendant said, "She will not need your house much longer, or anybody else's house," the objection to such evidence being that the threat, if any, was too vague and indefinite, that it was too long before the offense committed, and that the evidence illustrated

no issue in the case. *Weldon* v. *State*, 158 *Ga.* 140 (123 S. E. 217);
*Graham* v. *State*, 125 *Ga.* 48 (53 S. E. 816).

*Judgment affirmed. All the Justices concur.*

No. 4355. OCTOBER 15, 1924.

Murder. Before Judge Searcy. Upson superior court. April 19, 1924.

Dennis Seay was indicted for the murder of his wife, Savannah Seay, by shooting her with a pistol. He was found guilty, with a recommendation of life imprisonment in the penitentiary; and he was sentenced accordingly. He made a motion for new trial upon the usual general grounds and two amended grounds, which was overruled, and he excepted.

*J. E. F. Matthews, M. D. Womble,* and *W. M. Dallas,* for plaintiff in error.

*George M. Napier, attorney-general, E. M. Owen, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.