26617. WILLIAMS *v.* THE STATE.

DECIDED JANUARY 6, 1938.

*P. Z. Geer,* for plaintiff in error.
*R. A. Patterson, solicitor-general, Hooper & Hooper,* contra.

GUERRY, J. Willie Williams was indicted for murder. The jury found him guilty of voluntary manslaughter, and he excepted to the overruling of his motion for new trial.

■ Error is assigned on the following charge of the court: "In all criminal cases the jury are made judges both of the law and the facts; the law of which they are the judges, however, being the law only given them in the charge by the court, and applying that law to the facts which they gather from the evidence and from the defendant's statement will arrive at a proper and correct verdict." It is contended that this charge restricted the right of the jury to believe the statement of the defendant in preference to the sworn testimony, and that as such it was error. Two cases, *Rouse* v. *State,* 135 *Ga.* 227 (3), 228 (69 S. E. 180), and *Edenfield* v. *State,* 27 *Ga. App.* 291 (108 S. E. 124), are cited in support of this position. The Supreme Court in *Merritt* v. *State,* 152 *Ga.* 405 (4) (110 S. E. 160), refused to follow the ruling in the *Rouse* case, pointing out that it was rendered by only five justices, and held that the following charge was not erroneous on the same ground urged as to the charge under consideration: "Now, gentlemen, you look to the evidence and the defendant's statement; and if you believe from the evidence and the defendant's statement that the contentions of the defendant are true, you should acquit the defendant." Therefore neither the *Rouse* case, nor the *Edenfield* case, in so far as either conflicts with the ruling in the *Merritt* case, is authority for the position taken by counsel for the plaintiff in error. However, even if the *Rouse* case were authority, the present case is clearly distinguishable. The charge here complained of does not amount to an instruction to the jury that they must make up their verdict from the sworn testimony and the defendant's statement, which was held in the *Rouse* case to deprive the jury of their right to believe the defendant's statement in preference to the sworn testimony. The charge in the present case merely instructs the jury that they must apply the law being given them in charge to the evidence and to the defendant's statement, which is entirely different from the charge given in the *Rouse* case. The law as given in charge and applied to the defendant's statement might demand a verdict of guilty. However, the law given in charge, applied to his statement, also gave

to the jury the right to believe such statement against all the sworn testimony. The assignment of error is without merit.

■ The judge gave in charge to the jury the definition of murder and voluntary manslaughter, as set out in the Code, §§ 26-1002, 26-1003, 26-1004, 26-1006, 26-1007. Thereupon he charged the jury the distinguishing features between the crimes of murder and voluntary manslaughter, and then charged them as follows: "The court charges you before one would be warranted in taking the life of another on account of words, threats, menaces, or contemptuous gestures committed by the person killed, it must appear that the party killed had the express purpose and of immediately putting such words, threats, menaces, or contemptuous gestures into immediate execution." Complaint is made that it was error to charge that words, threats, menaces, or contemptuous gestures by the person killed would not authorize the taking of human life, unless such person intended immediately to put such words, etc., into immediate execution. This charge, taken alone, is subject to the criticism. In *Cumming* v. *State,* 99 *Ga.* 662 (27 S. E. 177), and *Clay* v. *State,* 124 *Ga.* 795 (2) (53 S. E. 179), the judge was charging on the question of reasonable fears, and in such connection it was palpable error to charge that "a fear growing out of and only supported by mere words, threats, menaces or contemptuous gestures, is not the fear which would justify or excuse another for committing a homicide." In such instance, whether the words, threats, menaces, and contemptuous gestures, together with the other circumstances, were sufficient to excite the fears of a reasonable man is exclusively a question for the jury. It is proper, in defining manslaughter, to tell the jury that words, threats, menaces, and contemptuous gestures do not serve to reduce the crime from murder to manslaughter unless the circumstances are sufficient to show an express purpose or ability on the part of the person killed to put such threats into execution. It is a separate and different thing when applied to the doctrine of reasonable fears. The charge here excepted to, when considered in the light of the charge as a whole, was not an incorrect statement of the law. In another portion of the judge's charge the defendant was given the full benefit of the law with reference to the fears of a reasonable man which would justify a killing: "Again, he sets up and contends that at the time of the homicide that the circumstances were

sufficient to excite in his mind the fears of a reasonable man of danger to his life or serious personal injury, and that he acted under the fears of a reasonable man, and he believed that his life was in danger or that a felony was about to be committed on him or serious personal injury inflicted on him, and that he acted in good faith, he shot and killed the deceased. If you believe that, then that would amount to a justification, and he would not be guilty of anything, and should be acquitted. Whether or not the circumstances of the transaction were sufficient to excite in his mind the fears of a reasonable man or that his life was in danger, or that a felony was about to be committed on him or some serious personal injury was about to be inflicted on him, that is a question for your consideration and determination under the evidence in the case and proved circumstances in connection with the defendant's statement in the case." As was said in *Worley* v. *State,* 136 *Ga.* 231 (71 S. E. 153), "The difference between justification arising from acting under the fears of a reasonable man, and mitigation arising from uncontrollable passion, justified by circumstances, is apparent." See also *Price* v. *State,* 137 *Ga.* 71 (7) (72 S. E. 908); *Butler* v. *State,* 143 *Ga.* 484 (85 S. E. 340); *Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573). It is one thing to charge that words, threats, menaces, and contemptuous gestures will not serve to reduce the killing from murder to manslaughter, and another thing to charge that the circumstances of the killing, which of course include what was being said and done, may be considered by the jury in determining whether or not they were sufficient to excite the fear of a reasonable man. The assignment of error is without merit.

■ The assignment of error on the charge on the law of justifiable homicide as applied to the facts of the case, when considered with the charge as a whole, is not meritorious. The evidence authorized a charge of the law on mutual combat, and the charge on that subject was correct and not subject to criticism. It has been held many times that where the judge fully charges the jury on the law of justifiable homicide, it is not error, in the absence of a timely written request, to fail to give in charge § 26-1014. *Crawford* v. *State,* 149 *Ga.* 485 (3) (100 S. E. 633); *Copeland* v. *State,* 23 *Ga. App.* 667 (2) (99 S. E. 136). The sixth ground of the motion for new trial is without merit. The judge fully charged on

the law of reasonable fears; and if more specific instructions were desired, a request should have been made therefor. The evidence amply supported the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*