27624. DICKEY, *alias* WELCH, *v.* THE STATE.

DECIDED JUNE 8, 1939.

*William Bull,* for plaintiff in error.
*H. G. Vandiviere, solicitor-general,* contra.

GUERRY, J. The plaintiff in error was indicted for murder, and was convicted of voluntary manslaughter. He assigns error on the fact that the court charged the jury on the subject of voluntary manslaughter. He claims that under the evidence and his statement the offense was either murder or justifiable homicide, and that the law of voluntary manslaughter was not involved. From the evidence it appears that the defendant had moved only the day before

into the house where the killing occurred; his wife was not at home; and his sister and another negro were living with him in the house, which contained only one bedroom with two beds, and that one of the beds was occupied by the defendant and his wife when she was at home. The defendant was not at home about 9 o'clock that night when his sister, Lola Stovall, and the deceased, Ralph Witherow, and Edgar Blackwell came in. The deceased and the Stovall woman went to bed in the defendant's bed and Witherow and the defendant's sister went to bed in the other bed, and Edgar Blackwell sat in the other room of the house. About 1:30 a.m. the defendant came home, accompanied by a small boy, and brought his gun with him. He went to the bedroom, saw all the persons in bed, called his sister, and, after eating, asked her where he was going to sleep. She went back to bed. He then took his gun, loaded it, fired it twice into the floor in the adjoining room, and then went into the bedroom where Neal, the deceased, was in the defendant's bed, undressed. He made some remark to Neal, who asked, "Who are you talking to?" He said, "I am talking to you." As to what he said to Neal to make Neal say "Who are you talking to?" the witness testified: "I don't know; whether he told him to get up or not, I didn't hear him, but he says, 'I am talking to you.'" In a short time the gun fired and the deceased fell between the two beds, and was dead instantly. He was dressed only in his under-clothes. In his statement the defendant said that he had told Neal, the deceased, to stay away from his house with Lola Stovall, and Neal promised him that he would. The defendant stated further, that he was at home earlier in the night, and Lola Stovall was there with his sister, and Neal came there and the defendant told him to leave, and he did leave. Defendant came home about the time indicated, and Edgar Blackwell opened the door and let him in. He saw the two couples in the beds, and asked his sister where he was going to sleep. "Then I says, 'Neal, you better get up, and get out of my house; I told you not to come in here, anyhow.' . . And I went back into the other room and shot twice. . . I shot twice then, and then I went back in there, and I says, 'Neal, aint you going to get up and get out of my house?' and he says, 'Who you talking to?' and I says, 'I am talking to you,' and he says, 'Don't you come in here,' and he got up with his shoe, like that, and I shot him down there in my house. And I done it to protect my house and my wife and myself; and I am sorry it happened."

In the instant case the theory of mutual combat arises alone from the defendant's statement, and a charge to the jury on the law of voluntary manslaughter, while not mandatory without a timely written request, was nevertheless proper. Applicable to this case, it was well said in *Gay* v. *State*, 111 *Ga.* 648 (36 S. E. 857) : "While the judge is not bound to charge the law applicable to a theory of the case derived solely from the prisoner's statement, he has a right to do so. It is the duty of the judge to give to the jury appropriate instructions on every theory of the case presented by the evidence, and it is the best practice to give such instructions on every phase of the case presented by the prisoner's statement, though, as above stated, the failure to do so, in the absence of a proper request, will not be held to be error. While instructions on a theory of the case as derived from the statement are not required by strict law, few cases, if any, can arise where such instructions would not be dictated by every sense of justice and fairness. . . It was not erroneous, therefore, for the judge to give in charge to the jury the law relating to this offense. This is true notwithstanding counsel for the accused not only did not request the law of voluntary manslaughter to be given in charge, but strenuously contended that there was nothing in the statement to authorize such charge." The circumstances detailed might of themselves, in connection with the remonstrances of the defendant, and the replies by the deceased and his conduct in seizing the shoe, amount to "other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice" (*Land* v. *State*, 11 *Ga. App.* 761 (4), 76 S. E. 78), and would in themselves have rendered proper the charge on the law of voluntary manslaughter. As was said in *Reeves* v. *State*, 22 *Ga. App.* 628 (97 S. E. 115) : "The law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement at the trial, there is anything deducible which would tend to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a doubt as to which grade of homicide was committed;" and this would be true where "anything deducible" might be drawn from "the evidence or the defendant's statement to the jury, considered separately or together." *Brown* v. *State*, 10 *Ga. App.* 50 (72 S. E. 537). Certainly, if such circumstances may be relied on

as a justification for the killing, as the defendant claims, they may also be sufficient, if the jury should so find, to amount to other equivalent circumstances justifying the excitement of passion and excluding all idea of deliberation. See *Land* v. *State,* supra. "If there be *any evidence to create a doubt, however slight,* as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both of these offenses should be given." *Griffin* v. *State,* 18 *Ga. App.* 462 (5) (89 S. E. 537). Applying these well-settled rules, it was not error for the court to charge the jury on the subject of manslaughter. The evidence supported the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*