31452.  BRACEWELL *v.* THE STATE.

DECIDED JANUARY 9, 1947.

678

*D. C. Sapp, Marshall Ewing,* for plaintiff in error.

*John W. Bennett, Solicitor-General,* contra.

GARDNER, J. ■ Special ground 1 assigns error because the court failed to charge, without a written request to do so, Code, § 26-1013, which reads: "If after persuasion, remonstrance, or other gentle measures used, a forcible attack and invasion on the property or habitation of another can not be prevented, it shall be justifiable homicide to kill the person so forcibly attacking and invading the property or habitation of another; but it must appear that such killing was absolutely necessary to prevent such attack and invasion, and that a serious injury was intended, or might accrue to the person, property, or family of the person killing."

It is contended that it was especially erroneous and harmful to fail to charge this section, even in the absence of a written request, where the court did charge in its entirety Code, § 26-1011, which reads: "There being no rational distinction between excusable and justifiable homicide, it shall no longer exist. Justifiable homicide is the killing of a human being by commandment of the law in execution of public justice; by permission of the law in advancement of public justice; in self-defense, or in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on either; or against any persons who manifestly intend and endeavor, in a riotous and tumultuous manner, to enter the habitation of another for the purpose of assaulting or offering personal violence to any person dwelling or being therein."

It is true that the homicide occurred on a public road in front of the defendant's house, but there is no evidence on behalf of the defendant or the State that the deceased was attempting to forcibly attack and invade the habitation of the defendant. The evi-

dence as to where the body of the deceased was lying in the road between the car from the house approximately 40 feet away from the house does not warrant the conclusion that at the time the defendant fired the fatal shot it was absolutely necessary to do so to prevent such an attack and invasion if such was the intent of the deceased. Indeed, the statement of the defendant, which we have set out above, does not warrant the conclusion that it was "absolutely" necessary for the defendant to kill the deceased to prevent an attack and invasion of his habitation. Further, the statement of the accused to Mr. Cliett does not indicate that the defendant fired the fatal shot to prevent a forcible attack and invasion of the home of the defendant by the deceased. Under this section, there must be a combination both of forcible attack and an invasion of the habitation of another to bring one within the realm of justification for taking the life of another. This court said in *Gresham* v. *State,* 70 *Ga. App.* 80, 83 (27 S. E. 2d, 463): "Section 26-1013 of the Code, which refers to self-defense in instances of forcible attack and invasion of the property or habitation of another, *requires both a forcible attack and an invasion of the property or habitation of another.* This section, as applied to the facts in the instant case, does not provide merely for the attack upon the person, or merely for the invasion of the habitation, but the forcible attack and invasion must both concur in order for the provisions of the section to apply. . . The evidence would seem to make a case of an attack upon the defendant's person rather than upon his habitation." (Italics ours.) See also *Jackson* v. *State,* 69 *Ga. App.* 707 (26 S. E. 2d, 485); *Love* v. *State,* 14 *Ga. App.* 49 (3) (80 S. E. 209). The evidence in the instant case does not require a reversal because the court failed to charge Code, § 26-1011. The defendant in his statement contended that he was in his house when the deceased stopped the car in front of the house. The defendant came out of his house and onto the porch from where he shot the deceased, and remarked to the deceased to quit cursing his (the defendant's) wife. Not at any time did even the defendant say that he endeavored to persuade or remonstrate with the deceased not to enter his house. The Code section requires this before one can be entitled to invoke its provisions. We might state in this connection also that under the facts of this case it is not cause for reversal for the court to read in its entirety Code, § 26-1011. *Floyd*

v. *State,* 143 *Ga.* 286 (3) (84 S. E. 971). See also *Freeney* v. *State,* 129 *Ga.* 759, 769 (59 S. E. 788) ; *Pyle* v. *State,* 187 *Ga.* 156, 158 (200 S. E. 667). It thus seems clear to us that the cause for the killing was not because of any attempt by the deceased to forcibly attack and invade the home of the defendant. Counsel for the defendant cite in support of their contentions in this connection: *Smith* v. *State,* 106 *Ga.* 673 (32 S. E. 851, 71 Am. St. R. 286); *Norris* v. *State,* 184 *Ga.* 397 (4) (191 S. E. 375); *Wittle* v. *State,* 50 *Ga.·App.* 170 (177 S. E. 356); *Glaze* v. *State,* 2 *Ga. App.* 704 (58 S. E. 1126); *Thornton* v. *State,* 18 *Ga. App.* 744 (90 S. E. 489); *West* v. *State,* 155 *Ga.* 482 (6) (117 S. E. 380); *Hudgins* v. *State,* 2 *Ga.* 173 (4). We find nothing in the cases cited that would warrant a reversal of the case on this ground.

■ Special ground 2 assigns error because the court erred in charging the law of voluntary manslaughter under a heat of passion. The defendant in his statement admitted the killing and claimed justification on the ground of self-defense. If the jury had believed this, they would have acquitted him. They rejected it—that is the part which claimed justification. With this contention of the defendant eliminated, they were authorized to believe that the defendant killed the deceased under a heat of passion because of the previous difficulty between the defendant and the deceased several hours prior thereto. It is well established that if there is the slightest doubt, under the evidence, as to whether the offense is murder or voluntary manslaughter, the law of both of these offenses should be given in charge to the jury. *Dickey* v. *State,* 60 *Ga. App.* 199 (3 S. E. 2d, 238); *Tucker* v. *State,* 61 *Ga. App.* 661 (7 S. E. 2d, 193); *Hamby* v. *State,* 71 *Ga. App.* 817 (4) (32 S. E. 2d, 546). It is impossible for anyone to know just what happened just prior to and at the time the fatal shot was fired —except from the statement of the defendant. The circumstances surrounding the situation of the killing would have authorized a verdict for murder, should we eliminate the defendant's statement as to how it happened. This is true because when a killing is shown the law presumes that it was done with malice and is murder. While it is true that the deceased had made threats several hours prior to the homicide that he would kill the defendant, it is also true from the evidence that the defendant had made similar threats against the deceased. As to whether the deceased volun-

tarily stopped in front of the defendant's house for the purpose of killing the defendant, or whether he took his gun, alighted from his car, and was advancing around his car with his gun and was pointing it at the defendant at the time the fatal shot was fired, are mere matters of conjecture once we eliminate the statement of the defendant. It is a matter of conjecture whether between the time the deceased was last seen and the time the fatal shot was fired he repented and stopped in front of the defendant's house to make peace or for some other purpose—we do not know. Also, whether or not he got out of the car without any gun and the gun which lay near his side loaded but unfired was placed there after the fatal shot was fired, is likewise a mere matter of conjecture. All of these were instances and circumstances which only one arm of the administrative forces of trial for homicide is authorized to determine, and that is the jury. It was the duty of the judge, under the facts of this case, to give in charge the law of voluntary manslaughter and then it was for the jury to say, under the law and facts, whether the offense was murder or manslaughter or justifiable homicide. This ground is without merit.

■ Special ground 3 assigns error because the court failed, without a written request, to charge Code, § 26-1014, which reads: "If a person shall kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing that, in order to save his own life, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given." This section is applicable only where the law of mutual combat is involved under the evidence. The court charged fully upon the law of murder, voluntary manslaughter under a heat of passion, and justifiable homicide in self-defense. The defendant claimed that he killed the deceased in self-defense. As already observed, other than what the defendant stated as to what happened at the time the fatal shot was fired, what actually happened was mere conjecture. In his statement he contended that he shot in self-defense. Counsel for the defendant contend that, since the evidence shows that the defendant had declined any further controversy with the deceased several hours prior to the homicide, this section is applicable and should have been charged without a writ-

ten request. We do not think that this reasoning is sound. Other than from the statement of the defendant, we do not know that the deceased intended to engage in mutual combat. In *Williams* v. *State*, 57 *Ga. App.* 176, 179 (194 S. E. 822), this court said: "It has been held many times that where the judge fully charges the jury on the law of justifiable homicide, it is not error, in the absence of a timely written request, to fail to give in charge § 26-1014." See also *Copeland* v. *State*, 23 *Ga. App.* 667 (2) (99 S. E. 136) ; *Jones* v. *State*, 172 *Ga.* 500 (158 S. E. 44) ; *Benton* v. *State*, 185 *Ga.* 254, 256 (194 S. E. 166) ; *Bivins* v. *State*, 200 *Ga.* 729 (38 S. E. 2d, 273). It will thus be seen, even if it may be conceded that the deceased and the defendant were engaged in mutual combat, it is not reversible error for the court to fail to charge the provisions of. the Code, § 26-1014, without a written request.

■ Special ground 4 is but an elaboration of special ground 1. and is dealt with in the first division of this opinion.

■ If what we have said above is correct, the assignments of error on the general grounds are without merit. The evidence sustains the verdict. The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*