## 9971. SEABOARD AIR-LINE RAILWAY *v.* BREWTON.

1. Error in the charge to the jury as to the measure of damages is immaterial when there is no specific complaint as to the amount of the verdict.

2. Under the evidence in this case, from which it appears, without contradiction, that the plaintiff had bought a ticket entitling him to transportation on the defendant's railroad, and was at the railroad station, going at the proper time towards the proper place to board the train for transportation to his destination, when he was struck by another train and received the injuries on account of which he was suing, instructions to the jury to the effect that the relation of passenger began when he bought the ticket, and continued as long as he was on the premises used by the railroad company for the purchasing of tickets and the boarding of trains by passengers, and that the railroad company was bound to use extraordinary care to keep the premises safe for this purpose, were not subject to exception because of placing on the railroad company the burden of extraordinary instead of ordinary care.

　　DECIDED APRIL 19, 1919. REHEARING DENIED MAY 12, 1919.

(Certiorari granted by the Supreme Court.)

Action for damages; from Bryan superior court—Judge Sheppard. June 15, 1918.

*Anderson, Cann, Cann & Walsh,* for plaintiff in error.

*H. B. Strange, J. P. Dukes,* contra.

LUKE, J. 1. Even if the court erred in instructing the jury as to the measure of damages, as alleged in the motion for a new trial, the error must be treated as immaterial, since there is no specific complaint that the verdict returned by the jury was too large. "Where there is no complaint of excessive damages, it is immaterial what measured them." *Gainesville & Northern R. Co.* v. *Galloway,* 17 *Ga. App.* 702 (5), 703 (87 S. E. 1093); *Gainesville Midland Ry.* v. *Jackson,* 1 *Ga. App.* 632, 635 (57 S. E. 1007); *Central Railroad* v. *Harris,* 76 *Ga.* 501 (2).

2. Error is assigned on the following instruction to the jury: "Now in this case of Mr. Brewton (the plaintiff) the relation of passenger began when he purchased the ticket, and remained with him so long as he was on the premises used by the railroad company for the purpose of passengers buying tickets and boarding the trains and landing from the trains, and the railroad company is bound to use extraordinary care and diligence to keep the premises in such shape as to be safe for this purpose, or use extraordinary care and diligence in keeping the premises in such condition as to prevent the injury of a person seeking to board the train." This

excerpt from the charge is not subject to the criticism made, that it placed upon the defendant the burden of extraordinary diligence in keeping its premises in such condition as to prevent injury to a person seeking to board its trains, whereas under the law ordinary diligence is the measure of its duty. The petition alleged that the plaintiff, who had purchased a railroad-ticket, was, at the time he received the injuries sued for, going forward at the proper place and time to board the defendant's east-bound train, which had stopped at the station, when he was struck and knocked down by the defendant's west-bound train. This allegation was sustained by uncontradicted evidence. Clearly, therefore, the passenger was, when injured, being "received" by the railway company, and not merely "awaiting" to be received; and consequently the case of *Georgia, Carolina & Northern Ry. Co.* v. *Brown,* 120 *Ga.* 380 (47 S. E. 942), is not in point, and the well-settled principle that carriers of passengers are bound to exercise extraordinary diligence for the preservation of the lives and persons of their passengers, when *receiving,* keeping, carrying, and discharging passengers, is entirely applicable and controlling on this subject. See *Atlanta Consolidated Street Ry. Co.* v. *Bates,* 103 *Ga.* 333 (2), 347 (30 S. E. 41); *Southern Ry. Co.* v. *Reeves,* 116 *Ga.* 743 (42 S. E. 1015); *Central Railroad* v. *Perry,* 58 *Ga.* 461 (3); *Central R. Co.* v. *Thompson,* 76 *Ga.* 770 (2).

3. All of the other assignments of error, including the general grounds of the motion for a new trial, are expressly abandoned, except one, and that contains no substantial merit.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*