26523.   POWELL *et al.*, receivers, *v.* BEASLEY *et al.*

DECIDED JANUARY 14, 1938.

*MacDougald, Troutman & Arkwright, Maddox, Matthews & Owens, Harllee Branch Jr.,* for plaintiffs in error.

*Maddox & Griffin, Howell & Post,* contra.

FELTON, J. R. K. Beasley sued the receivers of the Seaboard Air-Line Railway Company and the Pullman Company for damages, alleging that he boarded a Seaboard train at Cedartown for Birmingham, occupying a seat in a Pullman car, for which he had paid; that after he had been on the train for a short while, a man holding a bottle in his hand approached him and asked him to take a drink; that when he refused the man slapped him in the face with his right hand; that when he attempted to rise and defend himself the man struck him with his right fist on the left breast, fracturing two ribs on his left side. It was further alleged, that the man was under the influence of intoxicating liquor at the time, which fact was known to the conductors in charge of said train and sleeping-car prior to the assault; that it was obvious to all who observed him that he was under the influence of intoxicating liquors; that it was the duty of said defendants to protect petitioner from assaults by persons on said train and by persons under the influence of intoxicating liquors, which was known to the defendants, but that notwithstanding the defendants knew of the condition of the drunk person they took no precaution to protect petitioner or other passengers from him; that the assault was unprovoked, etc. The general demurrer was overruled, to which the defendants excepted.

We think it was error to overrule the general demurrer. While it is unquestionably the duty of a carrier to exercise extraordinary care for the protection of passengers, the rule does not apply under the circumstances of this case until something occurs to call into play the exercise of the great degree of care. It was not alleged that there was anything to put the defendants on notice that any such conduct as was alleged might be reasonably anticipated, except the fact that the assailant was under the influence of intoxicating liquors to the extent that it was obvious to those who saw him. This was insufficient as against general demurrer. There is no presumption that a person under the influence of intoxicating liquors to the extent alleged will commit an assault without provocation, nor will an inference be authorized from the mere fact of intoxication that a person in such condition might be reasonably

expected to so conduct himself. The petition was deficient in its failure to allege other facts which would have put the defendants on notice that such conduct might reasonably have been expected. See *Savannah, Florida & Western Railway Co.* v. *Boyle,* 115 *Ga.* 836 (42 S. E. 242, 59 L. R. A. 104); *Grimsley* v. *Atlantic Coast Line Railroad Co.,* 1 *Ga. App.* 557 (57 S. E. 943). In *Hillman* v. *Georgia Railroad & Banking Co.,* 126 *Ga.* 814 (56 S. E. 68, 8 Ann. Cas. 222); the company had notice of the boisterous conduct. The same is true of *Richmond & Danville Railroad Co.* v. *Jefferson,* 89 *Ga.* 554 (16 S. E. 69, 17 L. R. A. (N. S.) 571, 32 Am. St. R. 87); In *Yellow Cab Co.* v. *Carmichael,* 33 *Ga. App.* 364 (126 S. E. 269), the company was also on notice of the reasonable consequences of its acts. The court erred in overruling the general demurrer.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*