31948. PINNELL *v.* YELLOW CAB COMPANY.

DECIDED MAY 8, 1948.

74

*J: Sidney Lanier,* for plaintiff.

*Douglas, Evans & Cole, Samuel D. Hewlett, F. H. Dendy,* for defendant.

PARKER, J.  The order of the trial judge in sustaining the general demurrer was in part as follows:  "It will thus be seen that the cause of action, if any, must be sustained solely on the charge that the injury plaintiff sustained was proximately caused by the taxicab driver picking up this additional passenger.  Though it is charged that the picking up of the additional passenger was in violation of the contract of hire, this allegation is a mere conclusion, and no facts are set out showing the terms and condi-

tions of the contract of hire, and even though it could be said that picking up the passenger did violate the contract, we do not see how it could be said that such picking up was the direct and proximate cause of the plaintiff's injuries, because her injuries grew out of the wilful and criminal conduct of Barnett, and there is no allegation which charges the driver of the taxicab with being responsible either by actual commission or omission, and there is nothing to indicate that the taxicab driver should have anticipated or foreseen this criminal conduct on the part of Barnett. The case of *Andrews & Company* v. *Kinsel*, 114 *Ga.* 390 [40 S. E. 300], holds that 'In a suit for damages, where it appears upon the face of the plaintiff's petition that there intervened between the alleged negligence of the defendant and the damage sustained by the plaintiff the independent criminal act of a third person, which was the direct and proximate cause of the damage, the petition should be dismissed on general demurrer.' See also *Daigrepont* v. *Teche Greyhound Lines, Inc.*, 189 *Ga.* 601 [7 S. E. 2d, 174].

"Nor can it be said that the facts are sufficient to show negligence on the part of the driver of the taxicab merely because it is alleged that the driver after Barnett got in the taxicab knew that he was intoxicated, because there are no facts alleged which would charge the driver with anticipating or foreseeing the criminal consequences of Barnett's being intoxicated. See in this connection *Powell* v. *Beasley*, 57 *Ga. App.* 231 [194 S. E. 926], where in a somewhat similar case dealing with a passenger on a railroad train the court in holding that the petition was subject to a general demurrer said: 'We think it was error to overrule the general demurrer. While it is unquestionably the duty of a carrier to exercise extraordinary care for the protection of passengers, the rule does not apply under the circumstances of this case until something occurs to call into play the exercise of the great degree of care. It was not alleged that there was anything to put the defendants on notice that any such conduct as was alleged might be reasonably anticipated, except that the assailant was under the influence of intoxicating liquors to the extent that it was obvious to those who saw him. This was insufficient as against general demurrer. There is no presumption that a person under the influence of intoxicating liquors to the extent alleged

will commit an assault without provocation, nor will an inference be authorized from the mere fact of intoxication that a person in such condition might be reasonably expected to so conduct himself. The petition was deficient in its failure to allege other facts which would have put the defendants on notice that such conduct might reasonably have been expected.'" See *Bowers* v. *Southern Ry. Co.*, 10 *Ga. App.* 367 (3) (73 S. E. 677); *Savannah &c. R. Co.* v. *Boyle,* 115 *Ga.* 836 (42 S. E. 242, 59 L. R. A. 104).

The order and judgment of the trial court is so well-stated that we adopt it, as far as it goes, as the opinion of this court.

The plaintiff has cited in her brief only two cases upon which she seems to rely. The first of these is *Yellow Cab Co.* v. *Carmichael,* 33 *Ga. App.* 364 (126 S. E. 269). It appears there that the plaintiff made a contract with the defendant to transport him safely to certain railroad shops where workmen were on strike, by turning in at a designated entrance; that the driver of the cab was warned of a probable attack upon his passengers by a band of strikers if he did not turn in at the designated entrance, and knowingly and wilfully refused to do so, driving on past the entrance at a high rate of speed to a place where the plaintiff was attacked and injured by the strikers. Manifestly that case is distinguishable from the case at bar. The other case cited by the plaintiff is *Grimsley* v. *A. C. L. R. Co.,* 1 *Ga. App.* 557 (57 S. E. 943). That case held that whether the carrier should have apprehended that an intoxicated passenger, who was armed with a pistol and who had been shooting it while on the train, would jump from the train at a station and fire the pistol into the coach, injuring another passenger, was a question for the jury. We think that case is also clearly distinguishable from the case at bar.

The court did not err in sustaining the general demurrer, and in dismissing the petition.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*