45019.   SHOCKLEY et al. v. HENSLEE.

ARGUED JANUARY 9, 1970—DECIDED JULY 7, 1970.

*Gilbert & Head, Henry Head, Howe & Murphy, Donald B. Howe, Jr.,* for appellants.

*Hamilton Lokey, Gerald F. Handley, Henry A. Stewart, Sr.,* for appellee.

JORDAN, Presiding Judge. We affirm. The above uncontradicted evidence clearly shows how the explosion occurred, completely dissipating the theory alleged in the petition that the explosion was caused by the defendant's trash fire. The evidence is clear also that at least on this particular occasion the boys were trespassers on the defendant's property, having been expressly directed by the defendant and by the parents of Gary Shockley not to come upon the premises. It further appears that defendant did not know the boys were on his property after he had asked them to leave nor is there any evidence that defendant was aware of any danger from the drums which were empty. Under the facts here presented, neither count of the petition presents a theory under which plaintiff could recover.

While recognizing that a party opposing a motion for summary judgment is entitled to the benefit of all favorable inferences, if after this is done the record still shows no genuine issue of a material fact, a summary judgment for the moving party is authorized. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408); *Scott v. Gulf Oil Corp.,* 116 Ga. App. 391, 392 (157 SE2d 526). The defendant's evidence clearly pierced the material allegations of plaintiff's petition, thus requiring the plaintiff to present conflicting evidence. This not having been done the de-

fendant was entitled to a summary judgment and the trial court did not err in granting it.

While the weight given to the testimony of an expert is a question for the jury, the expert's testimony in this case is merely cumulative of other evidence ample to support the summary judgment. No issue is raised by the appellant as to the admissibility of certain statements claimed to be a part of the res gestae.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, Deen, Quillian, and Whitman, JJ., concur. Pannell and Evans, JJ., dissent.*

PANNELL, Judge, dissenting. While no question was raised in the trial court as to the admissibility of the statements made by the deceased child on three different occasions, the first made to the ambulance attendants on the way to the hospital, the second made to the doctors at the hospital, and the third made to the father of the deceased child some thirty days thereafter, and no contention was made by the parties relating to the probative value of this ·evidence, and while this evidence may be sufficient to pierce the pleadings, or tended to disprove one of the material elements of the plaintiff's case, it cannot demand a finding for the defendant, unless it has such probative value as to demand a finding by the jury in accordance therewith. A party is not entitled to summary judgment unless two things are shown: (1) "that there is no genuine issue as to any material fact" and (2) "that the moving party is entitled to a judgment as a matter of law." Section 3 of the Act of 1959 (Ga. L. 1959, p. 234; *Code Ann.* § 110-1203). For these reasons, and others hereinafter given, I must dissent from the ruling of the majority.

1. "There being no statute prescribing the weight which shall be given to the testimony of an expert, what consideration such evidence is entitled to is a question solely for the jury." *Rouse v. State,* 135 Ga. 227 (1) (69 SE 180). See also *Ginn v. Morgan,* 225 Ga. 192 (2) (167 SE2d 393). It is true that the majority seemingly agree with this ruling when they state: "While the weight given to the testimony of an expert *is a question for the jury,* the expert's testimony in this case is merely cumulative of other evidence ample to support the summary judgment" (emphasis

supplied); yet nowhere does the majority opinion point out the other evidence, other than the statements of the deceased child some of which were, and some of which were not, admissible as part of the res gestae.

2. As I view the authorities, the question as to whether statements claimed to be a part of the res gestae are admissible as such is a question of law to be determined by the court, and in which it may exercise some discretion; and if statements are admitted by the court as a part of the res gestae, the weight to be given them is a matter exclusively for determination by the jury and such evidence alone is insufficient to demand a finding in accordance therewith. I concede, of course, that the res gestae statements made by the deceased child are sufficient to make a prima facie showing by the defendant on motion for summary judgment and required the plaintiff to produce some evidence in rebuttal, which I will discuss in a later division of this dissent, *as there was evidence in rebuttal,* some of which is mentioned in the majority opinion and some of which is not.

For the moment, the question is, does evidence admissible under *Code* § 38-305 as to a statement made by one not a party to the cause have such probative value, once admitted, as to demand a finding in accordance with the statements made (assuming there is no evidence in direct conflict therewith). Declarations constituting a part of the res gestae are admissible in evidence if their connection with the main fact is so close that no afterthought is involved in the declaration, but that it spring spontaneously without afterthought. See *Mitchum v. State,* 11 Ga. 615. The credibility of the statement or declaration is not derived from the credibility of the person making the statement, but from the spontaneity of the declaration or statement and the lack of time for afterthought. It is for the court to make a determination of the declaration's admissibility, that is, whether it constitutes a part of the res gestae *(Rouse v. State,* 135 Ga. 227 (2) supra; *Tiller v. State,* 196 Ga. 508 (5) (26 SE2d 883); *Southern Gas Co., Inc. v. McAllum,* 95 Ga. App. 525 (2) (98 SE2d 397); *Harden v. Central of Ga. R. Co.,* 21 Ga. App. 218 (1) (94 SE 263)), and while it is admissible for the purpose of proving the facts stated in the declaration, it is solely for the jury as to how much weight will be

attached to the statements. *Rouse v. State,* 135 Ga. 227 (2), supra.

As was said in *Hart v. Powell,* 18 Ga. 635, a civil case, where damages were sought against the defendant for the killing of a slave and in reference to certain statements made by the defendant shortly after and at the scene "if the declarations *derive a degree of credit* from their connection with the surrounding circumstances, and independently of any credit to be attached to the speaker, they should, in such cases, be admitted in evidence." P. 639. It was also said in the same case (p. 640): *"We do not say that the jury were bound to believe the explanation.* All such statements should be weighed with candor, but with circumspection. . . It was for them to determine whether his account was natural and consistent with the circumstances, or otherwise, and a mere sham."

Dying declarations are very analagous to res gestae, as the weight and credit to be given such declarations depends upon the nearness of death, and the trial judge first determines the admissibility of such declarations, but once he admits it he must "leave them free to determine what weight the statement is entitled to, if they consider it at all." *Baker v. State,* 12 Ga. App. 553, 556 (77 SE 884). See also *Raleigh & Gaston R. Co. v. Allen,* 106 Ga. 572, 575 (32 SE 622), in which admissions were involved and it was said: "In some instances no doubt, the admissions of a party against his interest are entitled to great weight; *but what weight should be given them would depend largely upon the circumstances under which they were made. As to the effect of such circumstances as to the weight of the testimony,* the jury *alone* should judge." (Emphasis supplied). To the same effect, see *Phoenix Ins. Co. v. Gray,* 113 Ga. 424 (2) (38 SE 992).

In *Augusta Factory v. Barnes,* 72 Ga. 217 (5) (53 AR 838), a case in which a young girl received a very painful injury, from which she subsequently died, and a half-an-hour after the injury stated how the injury occurred, the Supreme Court of this State held that the statement of the girl was admissible and, referring to the evidence admitted, said: "Where the competency of evidence is doubtful, it should go to the jury, *that they may consider how far its force is impaired by surrounding incidents."* If this be the jury's prerogative, it cannot be taken away from them by the court on motion for summary judgment.

In 30 AmJur2d 257, § 1095, it is stated: "The probative value of admissions and declarations, when admissible as evidence under an exception to the hearsay rule, depends upon the circumstances, under which, the persons to whom, and the time when, the admissions or declarations were made." It seems that admissions, declarations and confessions fall generally within the same catagory as they do not stand alone as evidence, but the weight to be given them depends entirely upon the surrounding circumstances, which are the same surrounding circumstances which make them admissible in the first place. It is true that the court makes the preliminary determination as to the admissibility, but once the evidence is admitted, its weight must be determined by the jury *upon consideration of the circumstances surrounding the making of the declaration.* Is it within the province of the court *upon consideration of the surrounding circumstances* to say that the declaration demands a finding and take the consideration of the surrounding circumstances and the weight to be given the declaration derived therefrom away from the jury? I say it is not.

3. However, even should I assume that the statements of the deceased child, which are a part of the res gestae, are sufficient to demand a finding for the defendant if there be nothing in the evidence to discredit the statements, I would still be compelled to dissent from the ruling of the majority because of the following evidence: The father of the deceased child testified that the child came to him and borrowed two matches for performing an experiment and that he watched the two children strike both matches and saw both matches go out before the explosion occurred and that the explosion occurred a short time thereafter. While the expert's testimony assumed the drums in which the trash was being burned were 16 to 20 feet from the drum which exploded, there was testimony in the case that they were as little as 6 feet apart and that part of the time while the trash was being burned in the drums the flames were as much as 15 feet high. In view of this evidence, the jury could well have found that the boys did not cause the explosion by dropping matches in the drum, but that open flame or burning debris from the trash drums lit the explosive element in the drum which exploded. As a juror, under the evidence in this record, I might reach a decision absolving the

defendant from all blame, but that is not my function. As a judge of this court applying the law, as I see it, I must dissent from the ruling of the majority.

EVANS, Judge, dissenting. I concur in the dissent of Judge Pannell, except that I cannot concede that the alleged res gestae statements made by the children are sufficient to make a prima facie showing by the defendant on the motion for summary judgment. I am of the opinion that such statements are solely for the jury to weigh and consider, and it alone may determine such statements to be prima facie sufficient if this be all the evidence before the court during the trial. If this is the meaning of Division 2 of Judge Pannell's dissent, I am in complete agreement.

But the evidence submitted on the motion for summary judgment fails to negate every averment and claim of the plaintiff, particularly in that the lower court granted the motion upon evidence that is, to say the least, doubtful and hearsay. Apparently this hearsay testimony is considered an exception to the rule as being a part of the res gestae. This testimony is before this court as a part of depositions taken for the purpose of discovery. These "res gestae" statements as to the way the injuries occurred were allegedly made by the little boys who were burned to the ambulance attendant while riding in the back of the ambulance en route to the hospital, and to the physician attending the children upon their arrival at the hospital, all of which would be pure hearsay unless a part of the res gestae. One of these children is now deceased, and this of course involves another rule of law as to the use of statements by a deceased person who cannot testify. Further, statements that an injured person makes to his physician as to his injuries are sometimes admissible, but any statements that he makes as to the way and manner in which the injuries were caused or occurred cannot be given in the testimony by the physician. The statements were made at a place other than the place of injury, and these usually are not admissible. *Roach v. Western & A. R. Co.,* 93 Ga. 785 (21 SE 67). The physician also testified in the deposition as to statements made to him a second time, some five days later, which would not be admissible as a part of the res gestae. It has been held by this court in *Brewer v. Henson,* 96 Ga. App. 501 (1) (100 SE2d 661) that statements of a

patient to a physician which are not made under such circumstances as to be equivalent to spontaneous and involuntary explanations of present pain and suffering and "not in response to manipulation or manual examination or treatment are not admissible in evidence." At page 502 of this opinion a number of decisions of the appellate courts are cited in support of this ruling. In *Lathem v. Hartford Accident &c. Co.,* 60 Ga. App. 523 (3 SE2d 916) this court, after citing the hearsay rule that the very nature of such testimony shows its weakness, "and it is admitted only in specified cases from necessity," held further (Hn. 3), that the declarations of a deceased person "should not be considered ... where, when and how the accident occurred, but should properly be construed as being confined to such complaints, exclamations, and expressions as usually and naturally accompany and furnish evidence of a *present-existing* pain or malady."

It is apparent that this entire case is based upon the testimony of an expert as to the cause of the fire and explosion; and the alleged res gestae statements of the deceased boy, and of the other boy, after the alleged injuries. Since the competency of the evidence is at least doubtful, it is for the jury to consider "how far its force is impaired by surrounding incidents." *Augusta Factory v. Barnes,* 72 Ga. 217 (5a). At most, such res gestae testimony is not primary testimony but secondary in nature arising out of hearsay and afterthought. It presupposes a main fact, and, "it is left to the sound discretion of the courts *what they shall admit to the jury* along with the main fact, as parts of the res gestae." (Emphasis supplied.) *Mitchum v. State,* 11 Ga. 615, 622. See also *Southern R. Co. v. Brown,* 126 Ga. 1 (5) (54 SE 911). Certainly, a case was never intended to be decided by the court on such hearsay testimony alone, so as to abolish the right of a jury to weigh such testimony along with the other evidence since "the weight to be given them [res gestae statements] *is a matter for determination by the jury." Rouse v. State,* 135 Ga. 227 (2) (69 SE 180). (Emphasis supplie.) The depositions in this case have not negated the claims of the plaintiff so as to demand a judgment for the moving party as a matter of law. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442). I would reverse the judgment.