## 77415. PASCHAL v. FERGUSON TRANSPORT, INC.
### (375 SE2d 901)

BANKE, Presiding Judge.

The appellant fell and was injured while attempting to exit a bus which was owned and operated by appellee. The bus had broken down shortly prior to the accident, and the driver and passengers were awaiting the arrival of a replacement bus. While the appellant was asleep inside, an unidentified individual, who was not a passenger, either approached or entered the vehicle and falsely exclaimed that it was on fire. Thus startled from her sleep, the appellant attempted to exit the vehicle hurriedly and fell while descending the steps to the ground. She seeks to hold the appellee liable for her resulting injuries, alleging that it violated its statutory duty to "exercise extraordinary diligence to protect the lives and persons of [its] passengers. . . ." OCGA § 46-9-132. The trial court granted summary judgment to the appellee, and this appeal followed.

The bus had been chartered to take a group of passengers from Warner Robins, Georgia, to a town in South Carolina to play bingo. At around midnight, shortly after setting out on the return trip to Georgia, a suspension spring on the vehicle broke, prompting the driver to stop at a nearby convenience store and telephone for help. Pending the arrival of a replacement vehicle, some of the passengers left the bus and conversed outside, while others, including the appellant, remained inside the vehicle. During this interlude, an automobile pulled up to the gas pumps in front of the convenience store, and

two young men got out. After socializing for a brief period with some of the passengers who were waiting outside the bus, one of these men, without cause or warning, suddenly approached the vehicle and yelled, "Fire!" The driver was standing approximately 25 to 35 feet from the entrance to the bus when this occurred. *Held*:

" 'While it is unquestionably the duty of a carrier to exercise extraordinary care for the protection of passengers, the rule does not [require the carrier to take measures to protect its passengers from the intentional misconduct of third persons] until something occurs . . . to put [the carrier] on notice that . . . such conduct . . . might be reasonably anticipated. . . .' " *Pinnell v. Yellow Cab Co.*, 77 Ga. App. 73, 75 (47 SE2d 774) (1948), citing *Powell v. Beasley*, 57 Ga. App. 231, 232 (194 SE 926) (1938).

It is apparent without dispute from the evidence of record in this case that nothing whatever occurred prior to the unfortunate incident which resulted in the appellant's injuries which might reasonably have placed the appellee's driver on notice that his passengers were threatened either with criminal assault or with the type of malevolent mischief which in fact occurred. To the contrary, it was shown without dispute that the incident occurred with such suddenness and lack of warning as to surprise even those standing in close proximity to the wrongdoer. We are constrained to conclude that the misconduct in question could not reasonably have been anticipated, with the result that the appellee cannot be held liable under the circumstances for failing to take precautions to protect the appellant from it. Compare *Hillman v. Ga. R. &c. Co.*, 126 Ga. 814 (1) (56 SE 68) (1906); *Yellow Cab Co. of Atlanta v. Carmichael*, 33 Ga. App. 364, 368 (126 SE 269) (1924). We accordingly hold that the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1988.

*Mullis, Marshall, Lindley & Powell, Julius A. Powell, Jr.*, for appellant.

*Jones, Cork & Miller, Charles L. Ruffin, Bradley J. Survant*, for appellee.