A97A0503. WALKER et al. v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

(487 SE2d 498)

BEASLEY, Judge.

Leroy Walker and his wife sued MARTA, a common carrier, to

recover damages for injuries and loss of consortium caused by a criminal attack on Leroy Walker at the Georgia State MARTA station in Atlanta. The Walkers appeal summary judgment for MARTA. The primary issue is whether the absence of evidence in the record of prior violent activity on a common carrier entitles the common carrier to summary judgment. It does.

According to Mr. Walker's version of the events, on November 2, 1993, he had just gone through the turnstile and arrived at the platform of the Georgia State MARTA station to await a westbound train, when suddenly and without provocation two unknown individuals grabbed him and threw him onto the track. Mr. Walker was hurt but was not in pain nor bleeding. He had no visible wounds. Ms. Walker and others quickly assisted Mr. Walker in getting back up on the platform just before the westbound train arrived. An unidentified MARTA officer came over to Mr. Walker and asked if she could help. Mr. Walker, who "didn't want the officer's help," turned to his wife and insisted they get on the waiting train immediately, which they did. Mr. Walker then lost consciousness, and at the next stop Ms. Walker carried him off the train. A passer-by called for an ambulance, which took Mr. Walker to the hospital.

The Walkers claim that MARTA was negligent in three ways: failure to provide adequate security, failure to make an incident report, and failure to render aid. MARTA's Director of Police Services testified by affidavit that MARTA employed police officers to provide law enforcement and security functions in its rail stations, on its trains, and on other MARTA property twenty-four hours a day, seven days a week. He further testified that at the time of the incident, nine officers patrolled MARTA's East line, which included the Georgia State station. Based on his 25 years of experience in the police field, he opined that this police protection, designed to protect MARTA patrons from unreasonable risks of harm from criminal acts, was adequate and reasonable "based upon recognized transit policing practices, the history of crime on the East line and the resources available." Based on the Walker depositions and this affidavit, MARTA moved for summary judgment, in response to which the Walkers submitted no additional evidence.

"The traditional elements of a negligence case are: (1) [a] duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks[;] (2) [a] failure on his part to conform to the standard required[;] (3) [a] reasonable close causal connection between the conduct and the resulting injury[; and] (4) [a]ctual loss or damage resulting to the interests of the other. [Cits.]" *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (405 SE2d 474) (1991). The evidence shows no issue of fact on the first two elements as a matter of law.

1. "A carrier of passengers must exercise extraordinary diligence to protect the lives and persons of his passengers but is not liable for injuries to them after having used such diligence." OCGA § 46-9-132. Having paid his fare and gone through the turnstile to await a train, Mr. Walker was at that point a "passenger" of MARTA under the statute. *Central R. &c. Co. v. Perry*, 58 Ga. 461, 467 (2) (1877); *Atlanta Terminal Co. v. Alexander*, 38 Ga. App. 280, hn. 3 (143 SE 905) (1928); *Seaboard Air-Line R. v. Brewton*, 23 Ga. App. 621 (2) (99 SE 226) (1919), rev'd on other grounds, 150 Ga. 37 (102 SE 439) (1920). "It is clear that [MARTA] had a duty [of extraordinary diligence] to protect [Mr. Walker] from unreasonable risk of harm." *Robertson v. MARTA*, 199 Ga. App. 681, 682 (405 SE2d 745) (1991). See *Southeastern Stages v. Stringer*, 263 Ga. 641 (437 SE2d 315) (1993); *Sparks v. MARTA*, 223 Ga. App. 768 (478 SE2d 923) (1996).

When the event causing the harm to the passenger is a criminal act by a third party, the duty of the carrier to exercise extraordinary diligence to prevent that criminal act arises only if the carrier has reason to anticipate the criminal act. "[A] common carrier is not required to take measures to protect its passengers from the intentional misconduct of third persons until something occurs to put the carrier on notice that such conduct might be reasonably anticipated. To establish reasonable foreseeability, more than the mere possibility of an occurrence must be shown, since otherwise a common carrier would be made an insurer, with absolute liability to all passengers. . . . [K]nowledge of conditions which are likely to result in an assault upon a passenger, or which constitute a source of potential danger, imposes the duty of active vigilance on the part of the carrier's agents and the adoption of such steps as are warranted in the light of existing hazards." (Citations and punctuation omitted.) *Southeastern Stages*, 263 Ga. at 643. See *Paschal v. Ferguson Transport*, 189 Ga. App. 447, 448 (375 SE2d 901) (1988).

To prove the foreseeability of the criminal act, a plaintiff may present evidence of "prior violent activity. . . . A common carrier's knowledge of a threatened danger is not restricted to knowledge that a *particular* individual possesses dangerous propensities, since there are situations where a common carrier can reasonably anticipate misconduct without knowing which individual will misbehave, as, for example, in a situation where a particular route has a history of violent and assaultive conduct by passengers, such that violent incidents occur daily or weekly. [Cit.]" (Footnote omitted; emphasis in original.) *Southeastern Stages,* supra at 643.[1] Failure to present this

---

[1] In their briefs, the parties primarily cite various cases requiring the defendant to have knowledge of prior substantially similar criminal acts before it can be expected to anticipate criminal acts against its invitees. See, e.g., *Sturbridge Partners, Ltd. v. Walker*, 267 Ga. 785

or other evidence of foreseeability will result in summary judgment for the carrier. Id. at 644; *Paschal,* supra at 448; *Pinnell v. Yellow Cab Co.,* 77 Ga. App. 73, 75 (47 SE2d 774) (1948); *Powell v. Beasley,* 57 Ga. App. 231, 232 (194 SE 926) (1938).

MARTA moved for summary judgment without submitting evidence as to whether substantially similar crimes had taken place on the East line or at the Georgia State station. It simply offered the affidavit of the East line police supervisor, who stated that based on "the history of crime on the East line," MARTA's police protection was adequate. There is no evidence in the record that the historical crime on the MARTA East line was violent or assaultive. The Walkers must show MARTA to have knowledge of conditions likely to result in an *assault* upon a passenger. See *Southeastern Stages,* supra at 643.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." (Citations omitted; emphasis in original.) *Lau's Corp.,* 261 Ga. at 491. See *Page v. Atlanta Center Ltd.,* 219 Ga. App. 422, 424-425 (465 SE2d 456) (1995); *Rowe v. CSX Transp.,* 219 Ga. App. 380, 381 (465 SE2d 476) (1995).

In its motion for summary judgment filed two months after the six-month discovery period had run, MARTA pointed out the absence of evidence in the record of prior violent and assaultive conduct on the East line or of any other evidence of foreseeability. The Walkers, who had engaged in no meaningful discovery,[2] did not request a continuance under OCGA § 9-11-56 (f) to obtain evidence to oppose the

---

(482 SE2d 339) (1997); *Days Inns of America v. Matt,* 265 Ga. 235, 236 (454 SE2d 507) (1995); *Scott v. Housing Auth. &c. Glennville,* 223 Ga. App. 216 (477 SE2d 325) (1996). Because these cases address OCGA § 51-3-1 (the duty an owner or occupier of land owes to invitees), and not OCGA § 46-9-132 (the duty a carrier owes to its passengers), the Supreme Court of Georgia has disapproved relying on such cases in common carrier cases. *Southeastern Stages,* supra at 642.

[2] The Walkers did serve a short set of interrogatories on February 5, 1997, which was approximately seven months after the filing of the answer and therefore approximately one month after the six-month discovery period had run. See USCR 5.1. MARTA objected to the interrogatories as untimely. The Walkers never moved to compel a response. The interrogatories did not go to the issue of prior violent or assaultive acts or other evidence of foreseeability.

summary judgment motion, but instead complained that MARTA had not produced evidence affirmatively disproving prior violent activity. Under *Lau's Corp.*, MARTA was not required to do so, but was only required to point to the absence of evidence in the record on this issue.

The Walkers did argue that MARTA's provision of police protection on the East line was itself evidence that MARTA anticipated criminal acts. However, "[u]ndertaking measures to protect patrons does not heighten the standard of care; and taking some measures does not ordinarily constitute evidence that further measures might be required." (Footnote omitted.) *Lau's Corp.*, 261 Ga. at 494-495 (3). Only if in providing such services the defendant acts "unreasonably or makes the situation worse, by increasing the danger, or by misleading the plaintiff into belief that it has been removed, or by depriving the plaintiff of the possibility of help from other sources," can the defendant be held liable. Id. at 495, n. 2. See *Doe v. Prudential-Bache/A.G. Spanos &c.*, 222 Ga. App. 169, 174 (3) (474 SE2d 31) (1996). There is no evidence of such in this case.[3]

Second, the Walkers contend that the testimony of the MARTA Director of Police Services is opinion testimony and, as such, cannot serve as a basis for granting summary judgment. "Opinion testimony of the ultimate fact to be decided in a case is never sufficient to authorize a summary judgment. [Cits.]" *Galloway v. Banks County*, 139 Ga. App. 649, 651 (229 SE2d 127) (1976). See *Harrison v. Tuggle*, 225 Ga. 211, 212 (167 SE2d 395) (1969); *Ginn v. Morgan*, 225 Ga. 192 (167 SE2d 393) (1969). Where the expert's opinion is merely cumulative of other evidence supporting summary judgment, the submission of such creates no harm. *Shockley v. Henslee*, 122 Ga. App. 163, 165 (176 SE2d 470) (1970).[4] The MARTA Director's opinion as to the ade-

---

[3] There is a line of cases (not cited by the parties) holding that "[w]hen a passenger is injured, a legal presumption that the carrier failed to exercise extraordinary care arises in his favor. The carrier can, of course, rebut this presumption by making it appear that extraordinary care and diligence were exercised. This is a jury question." *Eason v. Crews*, 88 Ga. App. 602, 613 (77 SE2d 245) (1953). See *Mattox v. MARTA*, 200 Ga. App. 697, 698 (2) (409 SE2d 267) (1991); *Battey v. Savannah Transit Auth.*, 123 Ga. App. 685, 689 (2) (182 SE2d 129) (1971); *Piller v. Hanger Cab Co.*, 115 Ga. App. 260, 263 (154 SE2d 420) (1967). However, in none of these cases does the plaintiff admit from the outset that his injury was caused by an intervening third-party criminal act, which necessarily eviscerates this presumption. Furthermore, this presumption may no longer be valid. See *Millar Elevator Svc. Co. v. O'Shields*, 222 Ga. App. 456, 459 (475 SE2d 188) (1996) (Beasley, C. J., dissenting); *Darlington Corp. v. Finch*, 113 Ga. App. 825, 828-829 (149 SE2d 861) (1966). See also *Western & Atlantic R. v. Henderson*, 279 U. S. 639 (49 SC 445, 73 LE 884) (1929).

[4] In *Taylor v. Atlanta Center Ltd.*, 208 Ga. App. 463, 464 (430 SE2d 841) (1993), in which we affirmed summary judgment for the defendant, we considered the opinion testimony of the defendant's security supervisor as to the adequacy of the number of security officers. As in *Shockley*, the opinion testimony was merely cumulative. Cf. *Millar Elevator Svc. Co.*, 222 Ga. App. at 456-457 (1) (defendant's expert affidavit considered on motion for

quacy of the security measures was merely cumulative of the evidence showing the actual security measures taken by MARTA to prevent such criminal acts.

Of course, to avoid summary judgment, the Walkers were free to submit the opinion evidence of an expert to show the inadequacy of the security measures specified by MARTA. See *Shoney's, Inc. v. Hudson*, 218 Ga. App. 171, 174 (460 SE2d 809) (1995) ("[a]lthough it is true that the grant of summary judgment cannot be supported by opinion evidence, 'mere opinion evidence by the opposing party can be sufficient to *preclude* an award of summary judgment' ").

Finally, Mr. Walker points to his injury as evidence that negligence must have occurred. "It is well established that 'the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence. (Cits.)' [Cit.]" *Robertson*, 199 Ga. App. at 682.

Because the Walkers did not "point to specific evidence giving rise to a triable issue" on the matter of providing adequate security, the trial court properly granted summary judgment to MARTA. *Lau's Corp.*, 261 Ga. at 491.

2. The Walkers' second claim of negligence is MARTA's failure to make a report about this incident. " 'Although we render no opinion as to (defendant's) alleged negligence in performing this duty, we nevertheless conclude that if such negligence did occur, it was not the cause of [Mr. Walker's] injuries.' [Cit.]" *Collins v. Shepherd*, 212 Ga. App. 54, 56 (2) (441 SE2d 458) (1994). In the absence of any evidence of proximate cause, summary judgment was appropriate on this theory.

3. The Walkers' third basis of negligence is MARTA's failure to render aid. However, the Walkers testified that Mr. Walker was not visibly wounded, and that when a MARTA officer offered him aid immediately following the injury, he refused it and instead walked onto the waiting train. Summary judgment was warranted.

4. Because Ms. Walker's right to recover for loss of consortium is derivative of Mr. Walker's claim, her claim also fails. *Horn v. Foodmax of Ga.*, 210 Ga. App. 506, 508 (3) (437 SE2d 336) (1993).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur in the judgment only.*

DECIDED JUNE 11, 1997.

Before Judge Wyatt Cummings Moore.

summary judgment; summary judgment denied).

*Teddy G. Muntean*, for appellants.
*Miriam D. Lancaster*, for appellee.